UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TULEBURG AUTO BODY GARAGE AND TOW, a sole proprietorship; et al.,

        Plaintiffs,

  v.

CITY OF STOCKTON,

        Defendant.
_____/

WEST LANE TOW, et al.,

        Real Parties in
        Interest.
_____/

NO. CIV. S-05-1504 FCD JFM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on: (1) the motion of defendant City of Stockton ("City" or "defendant") for summary judgment as to the first and second claims for relief asserted against it in the complaint[1] on the ground the action is now

---

[1] The complaint asserted six causes of action against defendant: (1) violation of the Sherman Antitrust Act; (2) violation of the First Amendment; (3) failure to comply with the City Charter; (4) failure to comply with Municipal Code, Ch. 12,

1  moot; (2) the motion of plaintiffs Tuleburg Auto Body Garage and
2  Tow, Charter Way Tow, Inc., Debco Auto Wrecking, Inc., Mid-Valley
3  Towing, Jerry Briscoe, and Anne Johnston ("plaintiffs") for
4  partial summary judgment as to their second claim for relief on
5  the ground the undisputed facts establish defendant violated
6  their constitutional right of access to the courts; (3) the
7  motion of plaintiffs to dismiss the third through the sixth
8  claims for relief, and thereby all real parties in interest, on
9  the basis the action is now moot, and to dismiss Jerry Briscoe,
10 deceased, as a plaintiff;[2] and (4) the motion of plaintiffs to
11 strike certain declarations and exhibits.[3]  For the reasons set
12 for below, the court GRANTS defendant's motion for summary
13 judgment and plaintiffs' motion to dismiss, thereby dismissing
14 this action in its entirety.

---

Part V; (5) failure to comply with Municipal Code, Ch. 3, Part IX; and (6) violation of Article XVI, section 6 of the California Constitution.  (See Pls.' Complaint, filed July 26, 2005.)  The complaint named West Lane Tow, All Foreign & Domestic Tow, Covey Auto Express, Inc, and Phoenix, Inc. as real parties in interest with respect to the third through sixth claims for relief.  (Pls.' Complaint ¶¶ 15-18.)

[2]  This motion was noticed as an ex parte application; however, the court decided to hear the application in conjunction with defendant's motion for summary judgment.  (See Minute Order [Docket #49], filed Jan. 28, 2008.)

[3]  Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

2

## BACKGROUND[4]

The City of Stockton is authorized to have vehicles towed for a variety of reasons, such as to remove abandoned or disabled vehicles from city streets. (PRUF ¶ 1.)[5] Currently, and for the past several years, the City has dispatched these "police tows" using a rotation list. (PRUF ¶ 8.) Under rotational towing, tow trucks are dispatched to service calls based on the order in which the name of the tow truck company appears on the rotation list. (PRUF ¶ 9.)

The City's rotational towing was operated under police tow contracts until May 2000, when the City cancelled these contracts and adopted a Standards of Conduct and Service for Tow Operators Providing Services for City-Generated Tows ("Standards"). (PRUF ¶ 20.) Thereafter, all tow truck companies seeking to be placed on the rotation list signed an acknowledgment and acceptance of the conditions in the Standards. (PRUF ¶ 21.) One such condition stated:

> In order to be included and/or to remain on the tow rotation, the provider shall not . . . [b]e involved in any pending litigation against the City where the City, in its sole discretion, determines that the litigation renders the providers' continued participation in the rotation unduly disruptive to City operations or the tow rotation.

---

[4] Unless otherwise noted, the facts herein are undisputed. (See Pls.' Resp. to Def.'s Stmt. of Undisputed Facts, filed Feb. 29, 2008 ("PRUF"); Def.'s Resp. to Pls.' Stmt. of Undisputed Facts, filed Feb. 29, 2008 ("DRUF").)

[5] The court notes that plaintiffs filed a motion to strike (Docket #57), objecting to various aspects of defendant's evidence submitted in support of its motion for summary judgment. Except where otherwise noted herein, the court finds plaintiffs' objections irrelevant to the motion, as the court does not rely upon the subject evidence in rendering its decision. As such, plaintiffs' objections are overruled as moot.

3

(DRUF ¶ 6.)  This condition was later repealed in February 2008. (Declaration of J. Gordon Palmer, Jr. [Docket #66], filed Mar. 13, 2008 ["Palmer Decl."], ¶ 7.)[6]

On June 21, 2005, the City adopted Resolution No. 05-255, authorizing and directing the City Manager to implement a new franchise towing program.  (PRUF ¶ 39.)  Under this program, Stockton was divided into four police tow zones and exclusive contracts were awarded to four tow truck companies.  (DRUF ¶¶ 8, 11.)  On July 26, 2005, plaintiffs filed the instant action challenging the franchise program.  (PRUF ¶ 41.)  The City thereafter agreed to defer implementation of the program and continue rotational towing.  (PRUF ¶ 44.)

On April 11, 2006, the City adopted Resolution No. 06-181, effectively rescinding prior Resolution 05-255 and formally terminating the franchise program.  (PRUF ¶ 46.)  From that time, a number of changes to the City's personnel have occurred.  The City has hired a new City Manager.  (PRUF ¶ 48.)  The police

---

[6] Plaintiffs objected to the competency of defendant's originally proffered evidence in support of this fact. Thereafter, the court requested supplemental supporting evidence from defendant. (See Minute Order [Docket #65], filed Mar. 10, 2008.) Defendants submitted the Palmer Declaration pursuant to the court's order. Plaintiffs subsequently filed a "response" to the Palmer Declaration, asserting both evidentiary objections to the Palmer Declaration as well as substantive argument on the motions. (See Pls.' Resp. to Palmer Decl. [Docket #68], filed Mar. 17, 2008, and Def.'s Objs. thereto [Docket #69], filed March 18, 2008.) Plaintiffs' evidentiary objections are overruled; as the City Manager, Palmer is qualified to discuss the authority delegated to him by defendant, and the actions he took pursuant to that authority, i.e. repealing the subject provision of the Standards, "immediately" and "permanently." (See generally Palmer Decl.) To the extent plaintiffs reargue their opposition to defendant's motion and/or raise new arguments for the first time in their response to the Palmer Declaration (Docket #68), the court has disregarded this argument, as the Minute Order of March 10, 2008 did not permit a substantive reply by plaintiffs.

4

department has also experienced changes in personnel. (PRUF ¶ 48.) The former Chief of Police has retired, and the newly appointed Chief has recently announced his retirement. (PRUF ¶ 48.) Finally, the Mayor has announced that he will not seek re-election in 2008. (PRUF ¶ 48.)

Meanwhile, the case proceeded, and a final pretrial conference hearing was scheduled for January 11, 2008. At the January 11 conference, the court vacated the final pretrial hearing and directed the City to file a dispositive motion because the court, after review of the parties' joint final pretrial statement, believed the action may have become moot. The court further directed that any other motions on the matter be filed by February 8, 2008. On January 21, 2008, plaintiffs filed a motion to dismiss the third through the sixth claims for relief of the complaint, as well as all real parties in interest and plaintiff Jerry Briscoe. On February 8, 2008, the City filed its motion for summary judgment, and the plaintiffs concurrently filed a motion for partial summary judgment. On February 29, 2008, plaintiffs filed a motion to strike portions of the City's proffered declarations and certain exhibits.

**ANALYSIS**

**A. Defendant's Motion for Summary Judgment**

Defendant moves for summary judgment on the first and the second claims for relief on the ground the case is now moot. Although defendant invokes the standard of review for both dismissal under Rule 12(b)(6) and summary judgment under Rule 56, (see Def.'s Mem. of P. & A. [Docket #53-1], filed Feb. 8, 2008, at 2:16-18 & n.1.), its substantive arguments rely primarily on

5

1 the contention the court lacks subject matter jurisdiction.  This
2 assertion is properly considered under Rule 12(b)(1).[7]
3 Accordingly, the court construes defendant's motion as a motion
4 to dismiss pursuant to that rule.[8]  See <u>Johnson v. United States</u>,
5 47 F. Supp. 2d 1075, 1078 (S.D. Ind. 1999).

6     "The jurisdiction of federal courts depends on the existence
7 of a 'case or controversy' under Article III of the
8 Constitution."  <u>GTE California, Inc. v. Federal Communications</u>
9 <u>Comm'n</u>, 39 F.3d 940, 945 (9th Cir. 1994).  Generally, a case is
10 moot "when the issues presented are no longer 'live' or the
11 parties lack a legally cognizable interest in the outcome."
12 <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982) (quoting <u>U.S. Parole</u>
13 <u>Comm'n v. Geraghty</u>, 445 U.S. 388, 396 (1980)).  The court must be
14 able to grant effective relief, otherwise it lacks jurisdiction.

---

[7]  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may by motion raise the defense that the court lacks "jurisdiction over the subject matter" of a claim.  Fed. R. Civ. P. 12(b)(1).  On such a motion, the standards the court is to apply vary according to the nature of the jurisdictional challenge.  A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of jurisdiction contained in the complaint as insufficient on their face to demonstrate the existence of jurisdiction ("facial attack"), or, as is the case here, may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact ("factual attack").  <u>Thornhill Publishing Co. v. General Tel. & Elec. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979); <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  <u>Thornhill</u>, 594 F.2d at 733 (quoting <u>Mortensen</u>, 549 F.2d at 891).

[8]  Because the court construes defendant's motion as a motion to dismiss on jurisdictional grounds, it does not reach defendant's alternative arguments it is entitled to judgment as a matter of law on plaintiffs' substantive claims against it.

1  GTE California, Inc., 39 F.3d at 945.

2  However, an otherwise moot case may be heard if it falls
within one or more of the recognized exceptions to the mootness
doctrine.  Two such exceptions, relevant here, include cases
"capable of repetition yet evading review" and cases involving
"voluntary cessation" of the alleged illegal conduct.

A case is capable of repetition yet evading review if it meets two criteria.  See Native Village of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994).  First, there must be a "reasonable expectation" that the complaining party will be subject to the same injury in the future.  Id.  Second, the injury suffered must be "inherently limited in duration such that it is likely always to become moot before federal court litigation is completed."  Id. at 1509-10.  The burden is on the party opposing mootness to make these showings.  Id. at 1510; see also Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1390 (9th Cir. 1985).

A defendant's voluntary cessation of allegedly illegal conduct will not deprive the court of jurisdiction unless:

> (1) it can be said with assurance that 'there is no reasonable expectation' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.

County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (internal quotations and citations omitted).  The "heavy" burden of making these showings is on the party asserting mootness.  Id.

**1.   Claim 1: Sherman Act**

Defendant contends plaintiffs' first claim for relief is moot because the franchise program has been terminated. Plaintiffs' first claim for relief alleges the franchise program

7

is an unreasonable restraint on trade in violation of the Sherman Act. In determining mootness, the central inquiry is whether effective relief can be granted to plaintiffs. Cantrell v. City of Long Beach, 241 F.3d 674, 678 (9th Cir. 2001). The court cannot enjoin defendant from operating a franchise program that never took effect. Accordingly, the issue is no longer "live," rendering the claim moot.

The next question is whether the case is capable of repetition yet evading review such that the court may nonetheless exercise jurisdiction. Neither of the elements of this exception are met in this case. First, there is no reasonable expectation, at least at this juncture, that plaintiffs will be subjected to a franchise program in the future. Defendant abandoned this program two years ago and has continued rotational towing since. Moreover, the recent changes in city personnel make it uncertain what course of action defendant will pursue in the future. The *mere possibility* that defendant might sometime in the future authorize a franchise program is not sufficient. See Noatak, 38 F.3d at 1510. If defendant later implements a franchise program plaintiffs find objectionable, they may challenge the program at that time.

Moreover, plaintiffs have not shown the franchise program is the type of injury inherently limited in duration. See, e.g., Roe v. Wade, 410 U.S. 113, 125 (1973) (right to abortion claim capable of repetition yet evading review because appellate process exceeds nine months); Carroll v. President & Comm'rs of Princess Anne, 393 U.S. 175, 179 (1968) (ten-day restraining order capable of repetition yet evading review because litigation

requires more than ten days).  Repeal of a city resolution may take as little as a month or as long as a few years.  (Compare PRUF ¶¶ 39, 46 (franchise program repealed nine months after adoption), with PRUF ¶¶ 20, 51 (Standards provision repealed eight years after adoption).)  The court therefore concludes the capable of repetition yet evading review exception does not apply.

Finally, the court addresses whether defendant's actions fall within the exception to the mootness doctrine for voluntary cessation.  The court finds both conditions for applying the mootness doctrine have been met, and therefore the exception for voluntary cessation does not apply.

Defendant has met the first condition because, in general, the repeal of legislation is enough to render a case moot, even if the legislative body possesses the power to re-enact the law after suit is dismissed.  Noatak, 38 F.3d at 1510 (citations omitted).  "[E]xceptions to this general line of holdings are rare and typically involve situations where it is virtually certain the repealed law will be reenacted."  Id.; see, e.g., City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982) (holding city's repeal of ordinance did not moot case where city previously re-enacted challenged ordinance after court judgment); Northeastern Florida Chapter of the Assoc. Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 662 (1993) (holding city's repeal of ordinance did not moot case where replacement ordinance was substantially similar).  Here, there is no evidence to suggest a pattern of behavior on the part of defendant to avoid judicial challenges to local resolutions or

ordinances.  Moreover, it is not reasonably certain defendant will pursue a franchise towing program in the future.  Indeed, there are several alternative programs to rotational and franchise towing available to defendant, including direct management of dispatched police tows by tow truck companies, daily rotational deployment, or a city take-over of police tows.  (See Declaration of Mark Helms [Docket #53-5], filed Feb. 8, 2008, ¶ 15.)[9]  Given the recent turnover in city personnel, it is not reasonably certain defendant would pursue franchise towing alone, if it decides, at some point, to abandon rotational towing.

Plaintiffs contend, nonetheless, it is reasonably certain defendant will pursue franchise towing in the future because it has repeatedly attempted to pursue such a program.  However, defendant has only twice considered adopting a franchise towing program, and on one occasion rejected the proposal.  (See Ex. 2 to Supplemental Declaration of Mark Helms [Docket #64-1], filed Mar. 7, 2008.)  Thus, contrary to plaintiffs' assertion, defendant has not exhibited a history of pursuing a franchise program.  Furthermore, should defendant decide to pursue such a program, it has represented to plaintiffs and to the court that it will employ a public process whereby plaintiffs would have an opportunity to challenge the program before any harm could recur.

---

[9] Plaintiffs object to Helms' testimony on this issue, arguing it is improper expert opinion.  However, a layperson may express his opinion as long as the testimony is based on matters within his personal knowledge.  Fed. R. Evid. 701.  Helms' twenty years of experience with the Stockton police department qualifies him to express an opinion as to what practices for police towing are available to the City.  Plaintiffs' objection is therefore overruled.

(See Ex. A to Declaration of Charles W. Reese ["Reese Decl."] [Docket #53-3], filed Feb. 8, 2008.)[10]  The court therefore concludes defendant has met the first condition for applying the mootness doctrine.

Defendant has also met the second condition for applying mootness.  In one sense, this factor is inapplicable as the subject program was never implemented.  As such, the subsequent repeal of the franchise program could not eradicate any effects of the program itself.  In another sense, it is still relevant to determine whether repeal of the program has foreclosed any effective relief to which plaintiffs are entitled.  Plaintiffs appear to argue that despite defendant's voluntary cessation, this court can still find defendant violated the Sherman Act and, thereby, bar any future attempts to implement the franchise program.  However, any decision this court may make about the franchise program would be confined to the facts of that program. As this particular program is no longer in effect, and indeed never took effect, any opinion of this court would be merely advisory.  Such advisory opinions are not permitted.  Flast v. Cohen, 392 U.S. 83, 96 (1968).  Moreover, prospective relief would be inappropriate because, as mentioned above, the defendant has stated its intent to follow an entirely different process for implementing a franchise program in the future.  Thus, the court cannot grant plaintiffs any effective relief.

---

[10]  Plaintiffs object to this evidence on the basis of hearsay.  However, as the letter is not being offered for the truth of the matter asserted, see Fed. R. Evid. 801(c), in that it is only offered to show defendant told plaintiffs it would employ a different process in the future, plaintiffs' objection is overruled.

11

For the foregoing reasons, defendant's motion to dismiss plaintiffs' first claim for relief is GRANTED.[11]

### 2. Claim 2: First Amendment

Defendant next alleges plaintiffs' second claim for relief is moot because the challenged provision of the Standards has been repealed. The second claim for relief alleges the provision of the Standards permitting defendant to remove a plaintiff company from rotational towing that has pending litigation against defendant violates the company's constitutional right of access to the courts under the First Amendment. Because the court cannot enjoin defendant from enforcing a provision that is no longer in effect, the issue is no longer "live," and the claim is therefore moot. See Cantrell, 241 F.3d at 678 (central inquiry is whether effective relief can be granted to the plaintiffs).

Plaintiffs argue the court may nonetheless exercise jurisdiction under the capable of repetition yet evading review and voluntary cessation exceptions to the mootness doctrine. The court finds neither one of these exceptions applies to this case.

---

[11] In the Joint Pretrial Statement, plaintiffs raised for the first time a claim for relief under 49 U.S.C. section 14501. (See Joint Pretrial Stmt. [Docket #43], filed Jan. 8, 2008, at 15:17-20.) Specifically, plaintiffs alleged the franchise program regulated price, route, and service related to the transportation of property in violation of section 14501. The court need not address whether this claim is timely or is factually supported by the complaint. The franchise program has been repealed; thus, for the reasons set forth above, the claim is moot. Even if the court were to reach these issues, it agrees with defendant that the complaint does not currently embody a claim under section 14501 (see 49 U.S.C. § 14501(c)(2)(A), (C) (listing exclusions), and the court would not permit plaintiffs to amend their complaint at this late juncture in the case.

12

First, plaintiffs have not established either a reasonable expectation the subject provision will be re-enacted or an inherently limited-in-duration injury.  Noatak, 38 F.3d at 1509-10.  While defendant included the subject provision in contracts and standards in the past, this does not translate into an intent to include the provision in contracts or standards in the future.  Further, it took defendant eight years to repeal the subject provision, during which time plaintiffs had ample opportunity to challenge its legality.  If defendant attempts to institute the provision in the future, plaintiffs may challenge its constitutionality then.

Second, the court finds defendant has met the two conditions for application of the mootness doctrine, rendering the voluntary cessation exception inapplicable.  Davis, 440 U.S. at 631.  Defendant *permanently* repealed the subject provision, (see Palmer Decl. ¶ 8 ("The amendment is permanent . . . .").), and there is no indication this action was taken in bad faith to avoid judicial review, (see Palmer Decl. ¶ 6 (listing reasons for repeal of provision, including lack of benefits from provision and claim it violates plaintiffs' constitutional rights).)  The subject provision cannot be re-instated without formal action of the City Council.  (Palmer Decl. ¶ 8.)  Moreover, repeal of the provision has effectively eradicated its effects.  There is no evidence the provision was ever enforced against a tow truck company.  (See Palmer Decl. ¶ 6.)  Indeed, defendant has continued rotational towing with plaintiffs despite the present litigation.  The court thus finds the voluntary cessation exception does not apply.

1  Based on the foregoing, defendant's motion to dismiss the
2  second claim for relief is GRANTED.[12]  Accordingly, plaintiffs'
3  partial motion for summary judgment on this claim is DENIED.

**B.   Plaintiffs' Motion to Dismiss**

Plaintiffs move to dismiss their third through sixth claims for relief and all real parties in interest on the basis the action is now moot.  Plaintiffs also seek to dismiss Jerry Briscoe, deceased, as a plaintiff.

Where a party seeks to dismiss one or more but less than all of several claims against a defendant, Federal Rule of Civil Procedure 15 governs.  Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005).  Under Rule 15(a), leave to amend should be granted as a matter of course until the defendant files a responsive pleading.  Johnson v. Mammoth Recreations, 975 F.2d 604, 607 (9th Cir. 1992).

However, once the district court has filed a pretrial scheduling order, a party must first seek leave to modify the order under Federal Rule of Civil Procedure 16 before seeking leave to amend the complaint under Rule 15.  Id. at 608.  Rule 16(b) permits orders entered before the final pretrial conference hearing to be modified upon a showing of "good cause."  Id.

In this case, the court has entered a pretrial scheduling order providing no further amendments will be permitted absent "good cause."  (See Status (Pretrial Scheduling) Order, filed Nov. 3, 2005, at 2:5-6.)  Accordingly, plaintiffs must show good

---

[12]  Because the court dismisses the second claim for relief on jurisdictional grounds, it does not reach plaintiffs' motion for partial summary judgment on this claim.

14

cause for modifying the order under Rule 16 before seeking leave to amend under Rule 15. Although plaintiffs' motion does not request such relief, the court may elect to treat the motion as seeking modification under Rule 16. See Johnson, 975 F.3d at 608-09.

Plaintiffs argue good cause exists for modifying the scheduling order to permit amendment of the complaint. Plaintiffs contend the specific contractual agreements challenged in the third through the sixth claims for relief have been rescinded by defendant, and, as such, modification of the scheduling order should be permitted to dismiss these claims. Defendant neither disputes that good cause exists for permitting modification of the scheduling order nor opposes amendment of the complaint to dismiss claims three through six. Rather, defendant asks the court to dismiss claims three through six of the complaint with prejudice and condition dismissal upon an award of $3,017.50 in attorney's fees.

Generally, a court may grant a voluntary request for dismissal without prejudice unless the defendant will suffer some plain legal prejudice. See Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).[13] For example, in determining whether the defendant will suffer legal prejudice, courts have considered whether a dismissal will result in loss of a federal forum, the right to a jury trial, or a statute of limitations defense. Id. at 97 (citations omitted).

---

[13] The court notes the cited case deals with Rule 41 and not Rule 15. However, cases dealing with Rule 41 are illustrative of the principles for dismissal with prejudice.

15

1    In this case, defendant argues it suffered prejudice because
2 plaintiffs were dilatory in seeking dismissal of the third
3 through the sixth claims for relief.  As support for its
4 argument, defendant points to a letter dated January 24, 2006, in
5 which one of plaintiffs' attorneys indicated "it appears the
6 issues raised in the lawsuit have been rendered moot."[14]  (See
7 Ex. B to Reese Decl. [Docket #53-3], filed Feb. 8, 2008.)  Read
8 in context, however, the letter supports the conclusion
9 plaintiffs were *not* dilatory in seeking dismissal of these
10 claims.  The paragraph immediately following the "appears" moot
11 statement proposes dismissal upon payment of plaintiffs'
12 attorney's fees or an increase in tow rates.  (Ex. B to Reese
13 Decl.)  Thus, plaintiffs invited settlement negotiations in the
14 hopes the entire action might be resolved before trial.  In any
15 event, claims three through six were not rendered moot until
16 defendant repealed the franchise program months later.

17    While admittedly plaintiffs could have sought dismissal
18 sooner than they did, the court cannot find plaintiffs were
19 dilatory.  Claims three through six were not rendered moot until
20 defendant repealed Resolution 05-255 and terminated the franchise
21 program in April 2006.  In July 2006, both parties stipulated to
22 modify the scheduling order to permit additional time for
23 discovery.  Both parties again stipulated to modify the

---

[14] Plaintiffs object to use of this evidence under Federal Rule of Evidence 408.  Assuming the statement was made during settlement negotiations, it would not fall within the exclusion to Rule 408, as it is not being offered to prove "liability for, invalidity of, or amount of" a disputed claim.  Fed. R. Evid. 408(a).  Rather, the statement is offered to show notice of the potential mootness of claims three through six.

16

scheduling order in April 2007 to reset pretrial and trial dates because the parties were in mediation.  Thus, it appears both parties were under the impression the case would be settled prior to trial.  Under such circumstances, the court cannot conclude plaintiffs were dilatory in seeking a dismissal of claims three through six in February 2008 when the entire action could have been resolved in mediation as recently as April 2007.[15]

Defendant next argues dismissal should be conditioned on payment of attorney's fees by plaintiffs.  Although Rule 15 does not explicitly permit imposition of costs, the court may in its discretion impose costs as a condition of granting leave to amend in order to compensate the opposing party for costs incurred because the original pleading was faulty.  Gen. Signal Corp. V. MCI Telecommunications Corp., 66 F.3d 1500, 1514 (9th Cir. 1995). However, the court does not find this case to be appropriate for an award of costs.  First, this is not a case where the plaintiffs filed a faulty complaint in the first instance and later amended their complaint to assert new causes of action. See id. at 1513 (awarding costs where opposing party suffered additional costs in defending against dismissed claims and new claims).  Rather, certain allegations of the complaint were rendered moot following defendant's termination of the franchise

---

[15] Alternatively, defendant asks the court to make an express finding plaintiffs have waived claims three through six. The court declines to do so as the law of the Ninth Circuit clearly holds a plaintiff who voluntarily amends waives any claims in the original complaint that are not re-alleged in the amended complaint.  See, e.g., King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Moreover, the court will not allow plaintiffs to re-assert the very claims they ask the court to dismiss as moot.

17

program. Second, as discussed above, defendant has not suffered any prejudice arising from the dismissal of claims three through six. The court therefore declines to condition dismissal on an award of attorney's fees for defendant.

Based on the foregoing, the court GRANTS plaintiffs' motion to modify the scheduling order and amend the complaint to dismiss the third through sixth claims for relief. Such dismissal eliminates any interest the real parties have in the present action. Accordingly, the real parties are also dismissed. Finally, plaintiff Jerry Briscoe is hereby dismissed from the action as he is recently deceased, and defendant has no opposition.

## CONCLUSION

For the foregoing reasons, the court makes the following orders with respect to the pending motions:

1. Defendant's motion for summary judgment (Docket #53), construed as a motion to dismiss under Rule 12(b)(1), as to plaintiffs' first and second claims for relief is GRANTED;

2. Plaintiffs' motion for partial summary judgment (Docket #52) as to the second claim for relief is DENIED in light of the court's grant of defendant's above motion;

3. Plaintiffs' motion to dismiss (Docket #46) the third through sixth claims for relief, all real parties in interest, and plaintiff Jerry Briscoe is GRANTED without prejudice; and

4. Plaintiffs' motion to strike (Docket #57) certain of defendant's proffered declarations and exhibits is

1     DENIED.
2     The Clerk of the Court is directed to close this file.
3     IT IS SO ORDERED
4  DATED: March 25, 2008.

                                    _____
                                    FRANK C. DAMRELL, Jr.
                                    UNITED STATES DISTRICT JUDGE